**Charles ASTWOOD, Plaintiff–Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, John J. Armstrong, Commissioner, Esther McIntosh, John Hutchinson, Vicki Arpin, Carol Cohs, Paul Benard, Martha Miller, A.N. Toro, Defendants–Appellees.**

**Docket No. 01–7671.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2002.

George C. Springer, Jr.; Butler, Norris & Gold; Hartford, CT, for Plaintiff–Appellant.

Robert F. Vacchelli, Assistant Attorney General for the State of Connecticut (Richard Blumenthal, Attorney General, on the brief); Hartford, CT, for Defendants–Appellees.

Present CARDAMONE, STRAUB and KATZMANN, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Charles Astwood appeals from a judgment entered in the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*) granting summary judgment in favor of the defendants on all of Astwood's claims. For the reasons that follow, we affirm the judgment of the District Court.

Astwood, who describes his racial heritage as "black of African ancestry," was hired by the Connecticut Department of Corrections ("DOC") in December 1995 to work as a dentist in the state corrections system. While still a probationary employee, Astwood received substandard performance reviews. In addition, several complaints were filed against him by other employees alleging that he harassed

his female staff and that he made derogatory comments about other members of the staff in the presence of inmates. DOC informed Astwood of these complaints and deficiencies and extended his probationary period (referred to as "working test period") according to the terms of his collective bargaining agreement by an additional six months so that he could rectify his performance. During the following six months, however, additional complaints and reports documenting his substandard performance were filed. Therefore, on November 12, 1996, Astwood's employment was terminated. Following his termination, DOC offered Astwood an administrative hearing pursuant to state regulations. Astwood, however, postponed the hearing and did not reschedule. Instead, Astwood filed a complaint in the District Court alleging that the actions of the defendants violated his rights under federal and state law.

On February 3, 2000, the District Court dismissed several of Astwood's claims, including claims under 42 U.S.C. § 1983 for monetary damages and injunctive relief, as well as state law claims for negligent and intentional infliction of emotional distress. Astwood then submitted an amended complaint alleging six causes of action: Count 1: a Title VII claim, 42 U.S.C. § 2000e, *et seq.*, alleging that Astwood was discriminated against on the basis of his race, color and national origin; Count 2: a Title VII claim alleging the same conduct, but alleging that the violation was malicious; Count 3: a 42 U.S.C. § 1983 claim alleging that state officials deprived Astwood of his liberty without providing adequate due process; Count 4: a § 1983 claim alleging a deprivation of Astwood's property rights; Count 5: another § 1983 claim alleging a violation of Astwood's substantive due process rights; and Count 6: alleging that the defendants violated Conn. Gen.Stat. § 46a–60. On March 29, 2001, the court

granted summary judgment on all of the claims set forth in the amended complaint.

We conclude that the District Court correctly dismissed all of Astwood's claims. We thus affirm the judgment of the District Court substantially for the reasons set forth in the District Court's two orders. We write more fully in regard to only one of Astwood's claims. In its discussion of Astwood's § 1983 claims, the District Court focused on Astwood's property interest claim, and then dismissed that claim along with Astwood's liberty interest claim. We thus write to explain more fully why Astwood's § 1983 claim based on a deprivation of his liberty also fails as a matter of law.

The protection of liberty enshrined in the Fourteenth Amendment encompasses the freedom "to engage in any of the common occupations of life." *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 67 L.Ed. 1042 (1923). Thus, if a government employee is discharged in a manner that so significantly impairs his reputation that he is unable to secure like employment, he may have a cause of action under § 1983. *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). But to sustain such a suit, the employee must show that when he was discharged, statements were made that impugned the employee's reputation and interfered with his ability to secure employment elsewhere. *Donato v. Plainview–Old Bethpage Cent. School Dist.*, 96 F.3d 623, 630 (2d Cir.1996). Astwood's amended complaint contains only vague allegations that DOC employees disseminated "false statements ... charging him with general incompetence in the performance of his job." Am. Compl. ¶ 45. These statements, Astwood alleges, "impos[ed] a stigma on the plaintiff" and created a "burden to his employment prospects." *Id.* ¶ 48. These allegations are insufficient to sustain Ast-

wood's burden in the face of a motion for summary judgment. When a party moves for summary judgment, the opposing party must come forward with specific facts showing there to be a genuine issue of fact for trial. *See Law Firm of Daniel P. Foster v. Turner Broadcasting*, 844 F.2d 955, 959 (2d Cir.1988). A party opposing summary judgment cannot "defeat the motion by relying on the allegations in his pleading, or on conclusory statements." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir.1996) (internal citation omitted). Here, Astwood has offered no evidence beyond the conclusory allegations of his complaint that DOC employees made false statements, or that any such statements were disseminated publicly, or that such statements directly interfered with his future employment prospects. The record reveals only that Astwood received a termination letter from DOC stating that

> you are being dropped during your working test period due to continuous performance problems. Your work test period was extended to provide an opportunity for you to improve and work within the policies and procedures of the Department of Correction. Your performance, however, has continued to be unprofessional and inappropriate.

These statements are insufficient to act as a "significant roadblock" to Astwood's continued ability to practice his profession. *Donato*, 96 F.3d at 631. In fact, the record reveals that Astwood was able to secure employment as a dentist soon after his discharge from DOC. Thus, because Astwood cannot show that statements connected to his discharge significantly interfered with his ability to secure employment elsewhere, he cannot show that he was deprived of liberty. *See Rudow v. City of New York*, 822 F.2d 324, 330 (2d Cir.1987).

Accordingly, the judgment of the District Court is AFFIRMED.

During the pendency of this appeal, the parties stipulated to the defendants' motion to dismiss this case as to defendant John Hutchinson. This motion is granted.